UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVO DJURIC, | ) | Case No.: 1:07 CV 3416 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| DAVID BOBBY, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Petitioner Stevo Djuric's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to § 2254 ("Petition") (ECF No. 1.) For the following reasons, the court denies the Petition.

**I. FACTS AND PROCEDURAL HISTORY**

On January 4, 2006, Petitioner was convicted of gross imposition and kidnaping of a minor victim and sentenced to a four-year aggregate sentence for these crimes. (ECF No. 12.) On November 2, 2007, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) This court referred the case to Magistrate Judge Benita Y. Pearson for preparation of a report and recommendation. At the time of filing, Petitioner had been released from Belmont Correctional Institution in St. Clairsville, Ohio. On February 2, 2008, Respondent David Bobby ("Respondent") filed his Return of Writ. (ECF No. 6.) On December 7, 2010, Magistrate Judge Pearson submitted her Report and Recommendation (ECF No. 12.) Petitioner timely filed his

Objections and Exceptions to the Report and Recommendation. (ECF No. 14.)

Petitioner was found guilty of one count of gross sexual imposition and one count of kidnaping with a sexual motivation specification and was sentenced to four years imprisonment. (ECF No. 12.) Petitioner has exhausted all of his State remedies. *Id.* Petitioner raises seven grounds for habeas relief:

> **Ground for Relief No. 1: Fourteenth Amendment.**
> **Supporting Facts:** Petitioner was denied a fair trial and due process of law when the trial court shook hands with Natalie Leissa in the presence of the jury and made statements in the presence of the jury which enhanced the credibility of Natalie Leissa.
>
> **Ground for Relief No. 2: Six and Fourteenth Amendment.**
> **Supporting Facts:** Petitioner was denied his constitutional right to a public trial when the court ordered that the courtroom be sealed during the testimony of Natalie Leissa.
>
> **Ground for Relief No. 3: Fourth and Fourteenth Amendment.**
> **Supporting Facts:** Petitioner was denied due process of law when a trial court failed to conduct a pretrial evidentiary hearing concerning petitioner's motion to suppress. Petitioner was arrested at his home without a warrant. Petitioner was held incommunicado at the police station without access to a phone and during that period of time he was questioned by the police. Petitioner was a native of Bosnia a [sic] lacked the communication skills to understand what was going on during this period of time.
>
> **Ground for Relief No. 4: Fourteenth Amendment.**
> **Supporting Facts**: Petitioner was denied due process of law when the court allowed an investigating detective to testify as to the truth of the allegations made by the alleged minor victim in this case.
>
> **Ground for Relief No. 5: Six and Fourteenth Amendment.**
> **Supporting Facts:** Petitioner was denied his right of confrontation and cross-examination when the court admitted testimony from other witnesses who merely related statements made to them by others.
>
> **Ground for Relief No. 6: Fourteenth Amendment.**
> **Supporting Facts:** Petitioner was denied his right of confrontation and cross-examination when the court admitted testimony from other witnesses who merely related statements made to them by others.

**Ground for Relief No. 7: Fourteenth Amendment**
Supporting Facts: Petitioner was denied due process of law when he was convicted of guilty.

Magistrate Judge Pearson recommended that Petitioner's Writ be dismissed without further proceedings. (ECF No. 12.)  She determined that Petitioner's Grounds Two and Three were procedurally defaulted, Grounds One, Four, Five, and Seven are without merit, and Ground Six is not cognizable under §2254. *Id*.  In his Objection to the Report and Recommendation, Petitioner contends that all seven grounds for relief have merit under federal law. (ECF No. 14.)

## II. LEGAL ANALYSIS

After a *de novo* review of the Report and Recommendation, the Petitioner's Objection, and all other relevant documents in the record, the court adopts all of Magistrate Judge Pearson's recommendations. In addition, the court will address Petitioner's objection to Magistrate Judge Pearson's determination concerning Ground Six.

Petitioner alleges in Ground Six for habeas relief that he was denied a fair trial and due process when inadmissible and prejudicial evidence was admitted during trial. (ECF No. 14.) Specifically, Petitioner enumerates eleven instances of inadmissible evidence or other errors committed at his trial. *Id*.  He argues that these errors, when considered together, violate his constitutional rights. Petitioner does not contend that any sole error amounts to a violation of his constitutional defect rights.

In her Report and Recommendation, Magistrate Judge Pearson concluded that if such errors existed, they do not create a constitutional basis for habeas relief.  (ECF No. 12.) Magistrate Judge Pearson reasoned that the Supreme Court has not determined whether cumulative errors made at trial can support a writ of habeas.  (ECF No. 12, quoting *Millender v. Adams*, 376 F.3d 520, 529 (6th

3

Cir. 2004)( "The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief.").) Magistrate Judge Pearson further noted that the "Sixth Circuit, likewise, has not held that cumulative error can form the basis for habeas relief." (ECF No. 12.), citing several Sixth Circuit opinions including *Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007)(declining to decide whether cumulative errors constitute a basis for habeas relief but indicating that no such accumulation of errors existed in that case) and *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006)("Nonetheless, the law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue.").

Petitioner contends that the Sixth Circuit has determined that cumulative errors can support a habeas claim and cites to *DePew v. Anderson*, 311 F.3d 742, 751 (6th Cir. 2002). Yet *Depew* does not support Petitioner's contention. In *Depew*, the § 2254 petitioner alleged that, during his penalty phase, the prosecutor violated the petitioner's constitutional rights when he made several improper comments to undermine petitioner's sole mitigation defense and when he mentioned the petitioner's refusal to testify at his trial. *Id*. The Sixth Circuit determined that each error, on its own, violated specific constitutional guarantees. The court held that the petitioner's Eighth Amendment rights were violated due to the prosecutor's improper comments and his Fifth Amendment rights were violated when the prosecutor said to the jury that the petitioner refused to testify at his trial. *Id*. at 750-52. *Depew* is distinguishable from this case. First, the *Depew* court found that each error presented by the petitioner violated the petitioner's constitutional rights. Thus, the court did not have to address whether the errors needed to be combined to find unlawful conduct. Second, the *Depew* court found violations of specific constitutional provisions – the Eighth and Fifth Amendments - and thus did not address the constitutional violations claimed by Petitioner in this case: whether the

-5-

petitioner's fair trial or due process rights were violated by the errors. *Id*. at 754 (The dissenting opinion addresses a possible due process violation. *See*, *Id*. at 755 (Batchelder, J., dissenting)). Thus, *Depew* does not stand for the proposition that constitutionally permissible errors can be combined to create a basis for habeas relief. As such, Petitioner's Objection based on the *Depew* case is without merit.

Finally, many of the matters cited in support of Ground Six were previously determined by this court not to be erroneous, or involved errors which were in violation of clearly-established constitutional law or constituted an erroneous interpretation of such law. Considered in total, the errors which occurred were not such as to rise to a constitutional violation, even assuming that cumulative errors of a non-constitutional magnitude might, under appropriate circumstances, constitute a constitutional violation.

### III. CONCLUSION

Accordingly, the court adopts the Magistrate Judge's Report and Recommendation as its own. (ECF No. 8.) Petitioner's Writ is denied, and judgment is hereby entered in favor of the Respondent. The court further certifies that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 28, 2011